quittal, upon the mere ground, that there had been false swearing in the case by the agents of some of the parties in interest. That would be a very broad ground, and open a wide door to impeach the validity and conclusiveness of such sentences. If such evidence be admissible at all, it is equally admissible to disprove and vacate a sentence of condemnation, as well as a sentence of acquittal. It seems to me, that if evidence of false swearing in such cases be admissible to disprove the sentence, and establish fraud in it (on which I give no opinion), it ought to be clearly shown, that it was the real, substantial, and efficient cause of the sentence, and not, that it might have formed an ingredient in it.

In the present case, it is far from being clear, that eleven bags of beans were illegally landed from the schooner. There is considerable confusion in the evidence on this point. But it is unnecessary to consider it, since it is plain, upon the very face of the proceedings, that the only asserted ground of forfeiture was the illegal landing of six bags of beans. No other matter was, or could be brought into controversy in the suit. The seizure was for that act, and for that alone. It is wholly immaterial, what other causes might have existed to justify a seizure. The only question is, what in fact was the positive cause of the seizure, not what might have been a good cause. From what has been already stated, the professed cause of the seizure was an act, which, by law, could not induce any forfeiture, and consequently could furnish no justifiable or probable cause for the seizure. By our law,—Act 1799, c. 128, § 50 [1 Story's Laws, 617; 1 Stat. 665, c. 22],—the landing of goods of the value of four hundred dollars from a vessel without a permit will subject the vessel to forfeiture. But, if a vessel were seized for landing goods of the acknowledged value of not more than fifty dollars, it would be impossible for the court to hold, that there was any justifiable or probable cause for the seizure of the vessel. In truth, therefore, whether there was any false swearing or not, or any fraudulent concealment, or not, by the master, it is clear, that the appellate court proceeded in its sentence upon the fact, that the illegal landing of six bags of beans was the sole cause of the seizure; and that, consequently, it was without any justifiable or probable cause in law or in fact.

This view of the matter disposes of the whole merits of the defence; and it is unnecessary to discuss the other points, incidentally suggested at the argument. Upon the whole, my opinion is, that the loss is clearly a total loss within the policy; and that the case does not fall within the clause exempting the underwriters from losses and charges and damages occasioned by seizure or detention, on account of illicit or prohibited trade.

## Case No. 8,962.

### MAGRUDER'S CASE.

[2 Cranch, C. C. 626.] [1]

Circuit Court, District of Columbia. Dec. Term, 1825.

ADMINISTRATORS — NOTES TAKEN PERSONALLY — DECEASE—ACTION—ENTRY OF JUDGMENT.

If the administratrix of her deceased husband sell the goods and take notes payable to herself personally, bring suit on one of the notes, and die, and her administrator enter his appearance in the suit and obtain judgment, the court will not order the judgment to be entered upon the docket for the use of the administrator de bonis non of her husband, unless he can show that the sureties of the administratrix are insolvent, and that the balance of her administration account is against her.

Mary Ann Magruder, administratrix of Thomas Magruder, sold the goods of her intestate and took notes payable to herself personally. She brought suit upon one of the notes and died before judgment. Her administrator entered his appearance in the suit and obtained judgment. The administrator de bonis non on her husband's estate moved the court to order the judgment to be entered upon the docket for his use.

Mr. Key, contra. She has given an administration bond with sureties who are liable for this money. She may have paid debts upon the faith of these notes. She is liable upon her bonds only for the balance of funds which comes to her hands. It is better for her husband's estate because her sureties are directly and immediately liable for the money, whether it be recovered from the defendant or not.

Mr. Jones, for the administrator de bonis non. The administrator de bonis non has shown his title in equity to this money. To rebut this the administrator of Mrs. Magruder must show that she has paid debts to this amount, or that she has fully administered all that came to her hands. If the debtor be insolvent and she has used due diligence, she would not be liable for this fund.

THE COURT (THRUSTON, Circuit Judge, absent) said they would not deprive the legal plaintiff (the administrator of Mrs. Magruder) of his legal right, unless the administrator de bonis non could show that the sureties of Mrs. Magruder were insolvent, and that the balance of her administration account was against her.

———

MAGRUDER (ALLEN v.). See Case No. 230.

———

## Case No. 8,963.

### MAGRUDER v. BANK OF WASHINGTON.

[Cited in Brent v. Coyle, Case No. 1,837. Nowhere reported; opinion not now accessible.]

[1] [Reported by Hon. William Cranch, Chief Judge.]